1  Ryan Lee, Esq. (SBN 235879)
   rlee@consumerlawcenter.com
2  Matthew A. Rosenthal (SBN 279334)
   mrosenthal@consumerlawcenter.com
3  Krohn & Moss, Ltd.
   10474 Santa Monica Blvd., Suite 405
4  Los Angeles, CA  90025
   T: (323) 988-2400; F: (866) 861-1390
5  Attorneys for Plaintiff,
   AVELINO BAUTISTA
6

**FILED**

MAR – 3 2014

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

7              **UNITED STATES DISTRICT COURT**
              **NORTHERN DISTRICT OF CALIFORNIA**
8                     **OAKLAND DIVISION**

9  AVELINO BAUTISTA,                )  **Case No.:** C14-0982
                                    )
10        Plaintiff,                )  **COMPLAINT**
                                    )
11    v.                            )  **(Unlawful Debt Collection Practices)**
                                    )
12  GC SERVICES, L.P.,              )
                                    )
13        Defendant.                )
                                    )
14 _____  )

15     Plaintiff, AVELINO BAUTISTA ("Plaintiff"), by his attorneys, KROHN & MOSS,

16  LTD., alleges the following against Defendant, GC SERVICES, L.P., ("Defendant"):

17                          **INTRODUCTION**

18  1.  Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act

19      ("FDCPA"), 15 U.S.C. § 1692, *et seq.*

20  2.  Count II of the Plaintiff's Complaint is based on Rosenthal Fair Debt Collection

21      Practices Act ("RFDCPA"), Cal. Civ. Code § 1788, *et seq.*

22                     **JURISDICTION AND VENUE**

23  3.  Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such

24      actions may be brought and heard before "any appropriate United States district court

25

- 1 -

PLAINTIFF'S COMPLAINT

without regard to the amount in controversy," and 28 U.S.C. § 1367 grants this court supplemental jurisdiction over the state claims contained within.

4. Defendant conducts business in the State of California, and therefore, personal jurisdiction is established.

5. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

6. Plaintiff is a natural person residing in Newark, Alameda County, California.

7. Plaintiff is a consumer as that term is defined by 15 U.S.C. § 1692a(3) and is a "debtor" as defined by Cal. Civ. Code § 1788.2(h), and according to Defendant, Plaintiff allegedly owes a debt as that term is defined by 15 U.S.C. §  1692a(5) and Cal. Civ. Code § 1788.2(h).

8. Defendant is a debt collector as that term is defined by 15 U.S.C. § 1692a(6) and Cal. Civ. Code § 1788.2(c), and sought to collect a consumer debt from Plaintiff.

9. Defendant is a debt collection Corporation with an office in Houston, Texas.

10. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

11. Defendant places collection calls to Plaintiff seeking and demanding payment for an alleged debt.

12. Plaintiff's alleged debt owed arises from transactions for personal, family, and household purposes.

13. Defendant called Plaintiff's telephone number at 510-793-90XX.

14. On February 6, 2014 at approximately 9:24am, Defendant called Plaintiff and left a voicemail message.

PLAINTIFF'S COMPLAINT

15. In the voicemail message, Defendant's representative, "Jesse Portillo," failed to disclose the name of the company placing the call, failed to state the nature of the call, and failed to disclose that the call was from a debt collector. *See* Transcribed Voicemail Message attached hereto as Exhibit *A*.

16. In the voicemail message, Defendant's representative, "Jesse Portillo", directed Plaintiff to call him back at 800-285-3417, which is a number that belongs to Defendant. *See* Exhibit A.

17. Defendant is using false, deceptive and misleading means in connection with attempting to collect a debt by not identifying the purpose of its phone calls or that they are an attempt to collect a debt.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

18. Defendant violated the FDCPA based on the following:

    a. Defendant violated § 1692d of the FDCPA by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff;

    b. Defendant violated § 1692d(6) of the FDCPA by placing telephone calls without meaningful disclosure of the caller's identity;

    c. Defendant violated § 1692e of the FDCPA by using false, deceptive, and misleading representations in connection with the collection of a debt.

    d. Defendant violated § 1692e(10) of the FDCPA by using false and deceptive means in an attempt to collect a debt.

    e. Defendant violated § 1692e(11) of the FDCPA by failing to disclose in its communications that the communication was from a debt collector.

WHEREFORE, Plaintiff, AVELINO BAUTISTA, respectfully requests judgment be entered against Defendant, GC SERVICES, L.P., for the following:

PLAINTIFF'S COMPLAINT

1   19. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15

2   U.S.C. 1692k.

3   20. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act,

4   15 U.S.C. 1692k.

5   21. Any other relief that this Honorable Court deems appropriate.

6                                    **COUNT II**
    **DEFENDANT VIOLATED THE ROSENTHAL FAIR DEBT COLLECTION**
7                              **PRACTICES ACT**

8   22. Plaintiff repeats and realleges all of the allegations in Count I of Plaintiff's Complaint as

9   the allegations in Count II of Plaintiff's Complaint.

10  23. Defendant violated the RFDCPA based on the following:

11      a.  Defendant violated the § 1788.17 of the RFDCPA by failing to comply with the

12          statutory regulations contained within the FDCPA, 15 U.S.C. § 1692, *et seq.* to

13          wit: Section 1692d and 1692e.

14  WHEREFORE, Plaintiff, AVELINO BAUTISTA, respectfully requests judgment be

15  entered against Defendant, GC SERVICES, L.P., for the following:

16  24. Statutory damages of $1,000.00 pursuant to the Rosenthal Fair Debt Collection Practices

17  Act, Cal. Civ. Code § 1788.30(b).

18  25. Costs and reasonable attorneys' fees pursuant to the Rosenthal Fair Debt Collection

19  Practices Act, Cal. Civ Code § 1788.30(c).

20  26. Any other relief that this Honorable Court deems appropriate.

21

22  DATED: February 26, 2014          RESPECTFULLY SUBMITTED,

23                                    KROHN & MOSS, LTD.

24

25                                    By: _____
                                          Ryan Lee
                                          Attorneys for Plaintiff,
                                          AVELINO BAUTISTA

                                          - 4 -

                                    PLAINTIFF'S COMPLAINT

# EXHIBIT A

"Hi Avelino Bautista, this is Jesse Portillo.  Please give me a call back at 1-800-285-3417.  Thank you."